IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

JUAN CARLOS PEREZ-LIZ
SORAYA RUIZ-FIGUEROA and the
conjugal partnership comprised of Juan
Carlos Pérez-Liz and Soraya Ruiz-
Figueroa, for themselves and on behalf of
their minor children, IVRAIN PEREZ-RUIZ,
CHRISTINE RODRIGUEZ and YOJAHI-
NALIZ PEREZ-RUIZ

Plaintiffs

vs                                                    CIVIL 08-1659CCC

PEDRO A. TOLEDO, Superintendent of the
Police of the Commonwealth of Puerto
Rico; JANE DOE, THE LEGAL CONJUGAL
PARTNERSHIP OF PEDRO A. TOLEDO
and JANE DOE;
SGT. LUIS PACHECO-ALBIZU;
AGT. JOSE SANCHEZ-ABRAHAM;
GOVERNMENT OFFICIALS whose real
names are presently unknown;
THE LEGAL CONJUGAL PARTNERSHIPS
OF JOHN DOE AND LOUISE DOE;
and THE LEGAL CONJUGAL
PARTNERSHIP OF ABOVE-NAMED
GOVERNMENT OFFICIALS
DEFENDANTS and THEIR RESPECTIVE
WIVES

Defendants

## FEDERAL RULE CIVIL PROCEDURE 50 RULING

## Supervisory liability claim against Police Superintendent Pedro Toledo-Dávila

The events that give rise to this case against three individual officers, Sánchez-Abrahams, Collazo and Pacheco-Albizu and Superintendent Toledo-Dávila occurred on June 21, 2007 during Mr. Toledo's last tenure as Police Superintendent of the Commonwealth of Puerto Rico from January 6, 2005 to December 31, 2008. The only known date regarding a citizen complaint filed by principal plaintiff Pérez-Liz is that of a sworn statement filed before the Public Integrity Division based on an incident of alleged

CIVIL 08-1659CCC                                    2

police brutality on June 21, 2007 which was pending adjudication when Superintendent Toledo-Dávila left office in December 2008.

Plaintiffs claim willful blindness on the part of Mr. Toledo-Dávila, specifically pointing to an unfounded claim that he designed a bureaucratic structure to shield himself against responsibility for the misconduct of police officers.  The bureaucratic structure to which they specifically allude is that pertaining to the different entities and levels of review handling complaints against police officers' disciplinary complaints, mostly citizens' complaints.

Defendant Toledo-Dávila's undisputed trial testimony was that the Police Department has one Superintendent, an Associate Superintendent whose position was created by law in the year 1993 or 1994, and different Auxiliary Superintendents who supervise the various divisions such as filed operations, drugs and public integrity.  The Public Integrity Division is in charge of handling complaints against police officers and it is supervised by the Associate Superintendent and an Auxiliary Superintendent.  He explained that there are approximately 7.000 to 8.000 complaints filed yearly Island wide and that around 50% to 54% of them are dismissed.  There are Public Integrity offices in thirteen (13) command areas where an investigating officer, at a first tier of inquiry, intervenes.  Once that officer's investigation is finished, it is sent to the Public Integrity Division central office in San Juan where it is reviewed by the Auxiliary Superintendent of Public Integrity who makes a recommendation and refers it to the Director of the Legal Division of the Puerto Rico Police and is analyzed by an attorney of that Division.  After such analysis, the attorney either agrees or disagrees with the recommendation of the Public Integrity Division, and returns his/her recommendation to the head of the Legal Division.  The next step is a further review by the office of the Superintendent or the Associate Superintendent.  If the recommendation is approved at this level, it is signed and notified to the police officer who has a right to an administrative hearing before an officer of the Legal Division if the decision is unfavorable. The determination of the administrative officer is sent after the hearing, where the police

CIVIL 08-1659CCC                    3

officer is represented by counsel as well as the agency itself, to the Legal Division for further review.  If the recommendation of the administrative officer is accepted by the Legal Division, it goes before the Superintend or the Associate Superintendent for final approval. After adjudication by the Superintendent's Office, the police officers may seek review before an appellate office called CIPA composed of commissioners.  If the decision against the police officer is confirmed, then he/she has the right to take an appeal before the Appellate Court.

There is absolutely no evidence that this detailed review process at the administrative and court levels was either created by Mr. Toledo-Dávila or designed by anyone to shield a police commissioner from civil liability by delegating investigative and administrative reviews of a complaint at different levels.  What is before the Court is a traditional administrative level of inquiry and review, including an administrative hearing and final judicial review which would ensure a full investigation of a citizen's complaint while guaranteeing the officer's due process rights.

Plaintiffs' other supervisory liability basis is that the Assistant Superintendent, Ramón Ortega, did not have specialized training on handling administrative complaints.  This is a general imputation that leads nowhere.  There is no evidence of mishandling or negligent discharge of his duties by Mr. Ortega that could be imputed to Mr. Toledo-Dávila.  The latter testified that he was aware of Mr. Ortega's familiarity and understanding of the general orders, rules and regulations of the Police of Puerto Rico, specifically in the area of disciplinary proceedings.

Finally, the fact that Mr. Toledo-Dávila did not learn of the complaint filed by plaintiff Pérez-Liz around May 2008 before he left office in December 31, 2008 is not evidence of a deficiency in his role as supervisor.  The undisputed evidence shows that a disciplinary proceeding entails many levels from its initial investigative stage before final adjudication

CIVIL 08-1659CCC                              4

and that the Superintendent becomes directly involved in the final adjudication stage which in this case went beyond Mr. Toledo-Dávila's tenure.

        For the reasons stated, the Fed.R.Civ.P. 50 motion is GRANTED as to defendant Pedro Toledo-Dávila due to insufficiency of evidence that fails to establish deliberate indifference by Mr. Toledo-Davila as a supervisor to conduct of subordinates that violates a plaintiff's constitutional rights.


**Damages Claim Based on an Illegal Search under the Fourth Amendment**

        The Court previously addressed the illegal search claims under the prism of the Constitution of Puerto Rico.  Pursuant to Fed.R.Civ.P. 50, plaintiffs understand that the illegal search claims under the Fourth Amendment are triable before the jury.  However, the allegations regarding damages arising from an illegal search are not linked in any manner in the amended complaint to any action or inaction by individual defendants Collazo, Sánchez-Abrahams or Pacheco-Albizu.  Other than alleging that all family members were home with neighbors and that 10-12 police officers entered the home with firearms and that they searched the entire house and threw everything in a disorderly manner and that the contents of drawers were strewn on the floor, the allegations regarding the search do not mention any individual police officer.  The only allegations of the complaint against the three defendants are based on the use of excessive force and illegal arrest.  At trial, the plaintiffs and their witnesses all testified that they were outside against the wall and could not see what was going on inside the house.  None of the three police officers on trial have been shown to take any action that would make them liable in their personal capacity for damages arising during the search of the plaintiffs' home.

CIVIL 08-1659CCC                                    5

**Fourth Amendment Excessive Force Claim**

Although the excessive force claim against the three defendants is not dismissed under Rule 50, the plaintiffs are barred from arguing before the jury in their summation that defendant Dicky Collazo-Hernández exercised any physical excessive force against Mr. Pérez-Liz while at the division of Tactical Operations at Bayamon where he was taken after his arrest.  The only defendants who allegedly beat Mr. Pérez-Liz at that location, along with other unidentified officers, were Sergeant Pacheco-Albizu and Agent Sánchez-Abrahams. Although Mr. Collazo-Hernández was not included as a defendant in the original complaint and was added as such in the amended complaint, no such allegation was made against him. During discussion of the Fed.R.Civ.P 50 motion plaintiffs' counsel was asked if she knew by July 10, 2008 whether such allegation could have been raised against Mr. Collazo-Hernández and she answered since July 8, 2008 when the amended complaint was filed. Mr. Collazo-Hernández was never given any notice that he participated in the alleged beating of Mr. Pérez-Liz at the Tactical Operations Unit, along with Mr. Sánchez-Abrahams and Mr. Pacheco-Albizu.  There is no justification for an untimely amendment via Pérez-Liz' trial testimony which for the first time imputes such violent behavior.  The only averment in the amended complaint was that he stood by while unknown police officers hit Mr. Pérez-Liz. See allegation no. 22 of the Amended Complaint.

Other than the claims against Mr. Toledo-Dávila in his supervisory capacity and the damages claim for an illegal search under the Fourth Amendment, the Fed.R.Civ.P 50

CIVIL 08-1659CCC                                      6

motion is DENIED.[1]  Plaintiffs' counsel shall abide by the restriction in closing argument
stated above.

      SO ORDERED.

      At San Juan, Puerto Rico, on March 15, 2010.


                                            S/CARMEN CONSUELO CEREZO
                                            United States District Judge

---

[1]   Plaintiffs conceded that they are not pursuing any claim under the Fifth Amendment, and that the Fourteenth Amendment was invoked only because of the application of the Fourth Amendment to the States through the Fourteenth Amendment.